UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DONALD SHANE BRINK,

Petitioner,

v.

TIMOTHY WENGLER,

Respondent.

Case No. 1:13-cv-00039-EJL

**MEMORANDUM DECISION AND ORDER**

Pending before the Court in this habeas corpus action are various motions and an objection that are now ripe for adjudication. Having reviewed the record and considered the arguments of the parties, the Court finds that oral argument is unnecessary, and enters the following Order.

**PRELIMINARY MOTIONS**

**1. Petitioner's Motion for Judicial Notice (Dkt. 19)**

With the Petition for Writ of Habeas Corpus, Petitioner has filed Exhibits 1 through 196, and asks that the Court take judicial notice of the Exhibits. (Dkt. 3-1.) Respondent asserts that the Exhibits were not served on the State by the Clerk of Court, because they were too lengthy to be scanned. A large portion of the exhibits are parts of

the state court record, duplicating Respondent's lodgings. Petitioner has not indicated whether all of the letters, kites, jail memoranda, and other items were previously submitted to the state courts.

The merits of the claims in a federal habeas corpus petition generally are decided on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011). Only in limited circumstances may the state court record be supplemented in federal court, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue. The Court should be able to complete this task by comparing both parties' lodgings to see if they match when Petitioner cites to his Exhibits in the future, and notifying Respondent of any discrepancies.

To the extent that Petitioner has submitted items from the state court record that were also placed before the state appellate courts, the Court will take judicial notice of those items for purposes of any merits discussion. To the extent that the items were not placed before the state appellate courts, the Court will consider those items only as they may be relevant to Petitioner's cause and prejudice arguments, to be addressed in the next round of proceedings, or on other permissible grounds if the procedurally defaulted claims proceed to a merits review.

**MEMORANDUM DECISION AND ORDER - 2**

Counsel for Respondent may call the Court's Prison Litigation Unit to make an appointment to visit the Clerk of Court's office to review Petitioner's lodging, if desired, because the size of the lodging is to large to be scanned. The Court will permit Respondent to make objections to specific items during the course of this proceeding.

2.      **Petitioner's Objection to the Lodging of the State Court Record and Transcripts and Request for Production (Dkt. 18)**

Petitioner objects to the fact that he has not been provided with those portions of the record upon which Respondent relies for his request to summarily dismiss Petitioner's claims. He also objects that he was not provided a copy of the record lodged by Respondent. He states that he does not possess the entire record. He further argues that Respondent has not lodged the entire record, and he points out various items missing from the lodged record, as reflected on Respondent's Notice of Lodging of State Court Record.

Rule 5(C) of the Rules Governing § 2254 Cases requires a respondent to attach to the answer those parts of the record that the respondent considers relevant. Because most Idaho inmates have their own copy of the relevant parts of the record, traditionally, the Idaho attorney general does not attach any portions of the record to the answer to save time and taxpayer funds on copying, but, instead, provides a copy of the state court record to the Court, with a "Notice of Lodging" to the petitioner, indicating which records have been provided. In specific cases where a petitioner requests a copy of the relevant parts of the record, the Court either provides those records to the petitioner if they are minimal or orders Respondent to provide the copies. Nothing in the governing law or rules requires

provision of the entire record of a state criminal proceeding to a pro se petitioner. However, if a petitioner does not have certain records relied upon by the respondent and/or the Court, he is entitled to receive those records.

Here, Petitioner himself has lodged a large portion of the records that are the same records Respondent has lodged and the Court has relied upon. These will not be provided to Petitioner, but will be cross-referenced for him so that he may consult his own records:

| State's Lodging No. (Dkt. 11) | Petitioner's Exhibit No. (Dkt. 3-1) |
|---|---|
| B-2 | 4 |
| B-3 | 1(B) |
| B-6 | 8 |
| C-2 | 11 |
| C-5 | 10 |
| C-6 | 12 |
| C-7 | 13 |
| E-8 | 35 |
| E-23 | 47. |

The following records that Respondent has lodged and the Court has relied upon have not been lodged by Petitioner: State's Lodgings B-1, C-4, and E-21. Therefore, they will be provided to Petitioner with a copy of this Order.

Because this Order is issued in a conditional posture, after Petitioner has had an opportunity to review the additional records, he may then point to places in the record, if any, that support his contentions that the claims are not procedurally defaulted or are subject to cause and prejudice.

For future purposes, Petitioner shall provide the Court with a list showing all of the portions of the criminal record that he possesses. Should the Court rely on other records

to determine the merits of the claims, they will be provided to Petitioner, if needed, along with an opportunity to review them and submit argument related to the records. Therefore, Petitioner's motion will be granted in part and denied in part.

## BACKGROUND

Petitioner was convicted of the first degree murder of Brent Lillevold, with an enhancement for using a deadly weapon, as well as being a persistent violator, in the Fifth Judicial District Court in Twin Falls County, Idaho. He was sentenced to thirty years fixed, with life indeterminate. The facts underlying the conviction are set forth in the November 7, 2008 opinion of the Idaho Court of Appeals on direct review. (State's Lodging C-5.) Petitioner's alternative version of the facts are presented in his brief in support of his petition for review on post-conviction review. (State's Lodging E-23.) The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

This federal habeas corpus case was filed on January 23, 2013. (Dkt. 3.) Petitioner bring six claims. Respondent asserts entitlement to dismissal of all claims on the basis of procedural default. (Dkt. 22.) For the reasons that follow, the Court will deny in part and conditionally grant in part the Motion for Partial Summary Dismissal. (Dkt. 12.)

## RESPONDENT'S MOTION FOR
## SUMMARY DISMISSAL (Dkt. 12)

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is premised. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In *Baldwin*, the United States Supreme Court reasoned: "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id*. However, in some instances, appellants are allowed to incorporate by

reference issues presented in an appendix but not argued in the appellate brief. *See*

*Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005); *accord, Scott v. Schriro*, 567

F.3d 573 (9th Cir. 2009).

Unless a petitioner has exhausted his state court remedies relative to a particular

claim, a federal district court cannot grant relief on that claim, although it does have the

discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if

a petitioner failed to pursue a federal claim in state court and there are no remedies now

available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though

not properly exhausted, if a petitioner pursued a federal claim in state court, but the state

court rejected the claim on an independent and adequate state law procedural ground.

*Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the

claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731.

Claims that are not properly presented to the state district court and rejected by the

state appellate courts on adequate and independent procedural grounds are deemed

procedurally defaulted in this action. *Ford v. Georgia*, 498 U.S. 411, 422-24 (1991). *See*

*Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28

F.3d 1005, 1010 (9th Cir. 1994)). If the procedural bar rests on federal grounds or is

intertwined with federal grounds, it is not an "independent" state ground, and a federal

court may properly review the matter. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir.),

*cert. denied*, 540 U.S. 938 (2003). "A state law ground is so interwoven if the state has

made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Id*. at 581 (internal citations and punctuation omitted).

To be an "adequate" state ground, the procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also Lee v. Kemna*, 534 U.S. 362 (2002). The *Martinez v. Klauser* Court explained that when there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," such a decision does *not* rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may *not* be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id*.

A state procedural rule is not automatically "inadequate" under the adequate state ground doctrine—and therefore unenforceable on federal habeas review—because the state rule is discretionary rather than mandatory. *Beard v. Kindler*, 130 S.Ct. 612, 618 (2009); *Walker v. Martin*, 131 S.Ct. 1120, 1125 (2011). The *Walker* Court reiterated that a "rule can be 'firmly established' and 'regularly followed' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." 131 S.Ct. at 1128 (citing *Kindler*, 130 S.Ct. at 618). However, a "state ground, no doubt, may be found inadequate when 'discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law,'" or, in

other words, "in a surprising or unfair manner." *Walker*, 131 S.Ct. at 1130 (citation omitted).

**1.      Discussion of Claim One**

Claim One is that Petitioner was denied the right to assert, prepare, and present an affirmative defense of justifiable homicide "through a combination of factors." (Dkt. 3, p. 18.) Petitioner has attempted to raise his claims in multiple proceedings in the state court system. Only one complete round of proper exhaustion is required. The Court will address each of Petitioner's different state court challenges to determine whether proper exhaustion occurred.

**A.      *Presentation in Post-Conviction Action***

Petitioner raised this claim in his post-conviction relief petition and on appeal from dismissal of that petition. On appeal, the Idaho Court of Appeals opined: "We first note that this claim could have been raised on appeal, and, therefore, may not be considered in post-conviction proceedings." (State's Lodging E-21, p.4.) This rejection is based on a clear, consistently-applied, and well-established statutory procedural bar, arising from the post-conviction relief statute, Idaho Code § 19-4901(b). *See Whitehawk v. State*, 780 P.2d 153, 154-55 (Idaho Ct. App. 1989). (*See* State's Lodging E-21, p. 3.)

The Idaho Court of Appeals alternatively determined that the claim was without merit: "Further, this allegation is clearly disproven by the record of the criminal proceedings."(State's Lodging E-21, p.4.)

The Court agrees with Respondent's assessment that the Idaho Court of Appeals "first" determined that the claim had not been properly presented, and then notified Petitioner that the claim was without merit, *had* it been properly presented.

Because the Idaho Court of Appeals determined that the claim was procedurally barred as a result of an adequate state rule, this Court finds and concludes that the claim was not properly presented on post-conviction review. The federal procedural default doctrine "curtails reconsideration of a federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). When a state court has relied on an adequate and independent state ground to find a claim procedurally barred, that court "need not fear reaching the merits of a federal claim in an alternative holding." *Id.*

The Court next considers whether any portion of this claim was raised on direct appeal.

**B.    *Presentation on Direct Appeal***

In his appellate briefing on direct appeal, Petitioner argued, through counsel: "[A]n infringement on a defendant's ability to assist in his defense is also a violation of the Sixth Amendment right to counsel, as well as the Fifth and Fourteenth Amendments." (State's Lodging C-2, p. 43.) The facts supporting this claim were that the jail was thwarting his right by depriving him of legal materials, not allowing him to challenge the deprivation by filing an action. He alleges that the district court knew of the deprivations and did nothing, because it believed it could not, instead advising him to file a state

habeas corpus petition to challenge the conditions of his confinement. (*Id*., pp. 44-45.)

Petitioner further alleged in his appellate briefing on direct appeal that a pre-filing review

order violated his federal right of access to the courts. (*Id*., pp. 45-46.)

Petitioner also argued under the Idaho Constitution that he had a right to both

appear for himself *and* simultaneously with counsel. That claim is broader than the right

under the Sixth Amendment of the United States Constitution, and, as such, was based

exclusively on the Idaho Constitution. In his reply on direct appeal, Petitioner clarified

the limited scope of his claim: "Appellant's argument is actually that a Sixth Amendment

analysis does not address the scope of the rights provided by the Idaho Constitution given

the very different language." (State's Lodging C-4.) A claim under the Idaho Constitution

is not a cognizable federal claim, because relief is limited to remedy errors under the

federal Constitution. Therefore, this subclaim is not procedurally defaulted, but

noncognizable and subject to dismissal.

As to the access to courts claim in the petition for review, Petitioner argued that his

right of access to the court "as guaranteed by the 1st, 5th and 14th Amendments under the

Sixth Amendment right to counsel, as well as the Fifth and Fourteenth Amendments (due

process clause), and the equal protection clause of the 14th Amendment" were violated

"when the jail deprived Mr. Brink of the legal materials he required to make use of that

right or to otherwise participate in his defense." (State's Lodging C-7, p. 14.) This Court

concludes that this subclaim was properly exhausted, and Petitioner may proceed to the

merits of this claim.

## C.     *Presentation Via Writ of Mandamus to the Idaho Supreme Court*

Petitioner also alleges that he properly presented this claim to the Idaho Supreme

Court when he filed a Petition for Writ of Mandamus during pretrial proceedings.

Respondent argues that this filing was not a proper presentation because a writ of

mandamus is not a proper procedural vehicle to bring claims arising from a criminal

proceeding in Idaho.

Several provisions of Idaho law govern writs of mandamus and writs of mandate.

Idaho Code § 7-301 provides that the terms "writ of mandamus" and "writ of mandate"

are interchangeable. Article 5, § 9 of the Idaho Constitution provides that the Idaho

Supreme Court "shall also have original jurisdiction to issue writs of mandamus,

certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the

complete exercise of its appellate jurisdiction." Idaho Code § 1-203 echoes this same

scope of authority.

In addition, a "writ of mandate," under Idaho Code § 7-302, is defined as a higher

court's order to "any inferior tribunal, corporation, board or person, to compel the

performance of an act which the law especially enjoins as a duty resulting from an office,

trust or station; or to compel the admission of a party to the use and the enjoyment of a

right or office to which he is entitled, and from which he is unlawfully precluded by such

inferior tribunal, corporation, board or person." In *Utah Power & Light v. Campbell*, 703

P.2d 714, 717 (Idaho 1985), the Idaho Supreme Court stated that "[m]andamus will lie if

the officer against whom the writ is brought has a clear legal duty to perform the desired

act, and if the act sought to be compelled is ministerial or executive in nature." A writ of

mandate may be issued only "where there is not a plain, speedy and adequate remedy in

the ordinary course of law." I.C. § 7-303.

On March 6, 2006, during pretrial litigation, Petitioner sent a letter to the Idaho

Supreme Court to instruct the Fifth District Court to issue an appealable order to suspend

the criminal proceedings until his constitutional rights guaranteed in criminal proceedings

were restored. (State's Lodging B-1.) He specifically noted that he had tried to submit a

motion for disqualification of counsel and a motion for appointment of "qualified non-

conflict counsel outside the public defender's officer"; that the motions had been filed

stamped as received by the Clerk of Court; and that the stamps were later "whited out"

and the motions returned to the same counsel that Petitioner sought to disqualify from the

case. (*Id.*, p. 1.) Petitioner also described the relief he wanted as "an order directing the

Fifth Judicial District Court to accept my pro se filings in order to preserve my rights and

assert my First Amendment [sic] due to failures of three attorneys to do so (as described

in State's Lodging B-3, p. 8). The Idaho Supreme Court construed the letter as a petition

for writ of mandamus and denied it on April 25, 2006. (State's Lodging B-2.)

On May 18, 2006, Petitioner then submitted an "Affidavit in Support of a Petition

for Writ of Mandamus." (State's Lodging B-3.) He described a large number of alleged

pre-arrest and pre-trial constitutional violations, perpetrated by bondsmen, law

enforcement officers, attorneys, the state district court, and jail personnel. He again

asserted his "unalienable right to have access to the court to 'appear and defend in person

and have counsel'; it [the Idaho Constitution] does not say 'or' it says 'and' ('and in person.').'" (*Id*., p. 9.) Treated as a motion to reconsider, the affidavit and accompanying petition and memorandum were denied by the Idaho Supreme Court, after due consideration. (State's Lodging B-6.)

These are the same claims, brought under the same theories, asserted in the direct appeal. Petitioner's access to the courts claims brought under the First, Fifth, Sixth, And Fourteenth Amendments were properly exhausted in the direct appeal, except for the claim that he is entitled to appear pro se and with counsel, which is grounded exclusively on the Idaho Constitution (both in his direct appeal and in his petitions for writ of mandamus), and is not a cognizable federal habeas corpus claim. Therefore, this Court concludes that the petitions for writs of mandamus filed by Petitioner with the Idaho Supreme Court duplicate the claims in the direct appeal, and are unnecessary for exhaustion.

Alternatively, the Court concludes that the petitions for writs of mandamus were not the proper procedural vehicles for asserting such rights, given that the Idaho Supreme Court has a policy that the extraordinary writs are reserved for extraordinary circumstances. *See Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir.1985). *See also Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981) (state prisoner's petition for writ of habeas corpus to Oregon Supreme Court was insufficient to satisfy the exhaustion requirement, where the petitioner had an alternative remedy in the lower state court and in view of Oregon Supreme Court's long-standing policy of declining exercise of its original

jurisdiction); *Castille v. Peoples*, 489 U.S. 346 (1989) (prisoner's submission of a new claim to Pennsylvania Supreme Court on a petition for allocatur was not a "fair presentation" of that claim, for purposes of determining whether the prisoner had exhausted his state remedies, because the first presentation of the claim occurred in a procedural context in which the claim's merits would not be considered unless there were special and important reasons).

Petitioner had other potential legal avenues to bring these claims, including a non-emergency direct appeal, to be filed in due course. Because Petitioner was not without a legal remedy (his claims are of the same general nature as a claim that one is being denied counsel or has a conflict with counsel–all of which normally are resolved through the non-emergency direct appeal or post-conviction processes in due course), it is "reasonable to presume that the supreme court deferred to this policy in dismissing [the] petition,"and to conclude that "its summary dismissal was procedural, not on the merits." *Lindquist v. Gardner*, 770 F.2d at 878.[1]

---

[1] *Reyes v. Craven*,111 Fed.Appx. 462, 2004 WL 1930061 (9th Cir. 2004)(unpublished), comes to the same conclusion as to petitions *for which a legal remedy exists*. In *Reyes*, the court held that the Idaho Supreme Court's denial of an original petition for writ of habeas corpus *was* properly exhausted and *was* presumed denied on the merits as a result of the "after due consideration" language contained in the short denial order, but also determined that Reyes had no adequate legal remedy remaining to which he could turn. The *Reyes* court specifically distinguished its set of circumstances from *Lindquist*: "Here, by contrast, the UPCPA is not "'a required step in [Reyes'] post-conviction judicial remedies.'" *Id*. at *3 (quoting *Lindquist*, 770 F.2d at 878).

**MEMORANDUM DECISION AND ORDER - 15**

**2.     Claim Two**

 Claim Two is that Petitioner's rights were violated due to "unconstitutional jury instructions." (Dkt. 3, p. 24.) Petitioner's complaints about the jury instructions include the "acquittal first" instructions that required the jury to acquit him of a higher offense before considering an included offense; the "justifiable homicide" instruction; and that he was prejudiced "through convening the grand jury in a manner that prohibited them from entertaining evidence of [his] affirmative defense." (*Id.*)

On post-conviction appellate review, the Idaho Court of Appeals determined that the jury instruction claims could have been raised on direct appeal, and were improperly brought on post-conviction review. Therefore, the Court of Appeals did not consider the merits of the claims. (State's Lodging E-21, p. 4.)

However, the Idaho Court of Appeals did hear and determine the merits of Petitioner's companion claims that trial counsel and direct appeal counsel failed to object to the jury instructions. (State's Lodging E-21, p. 4.) The court concluded that, even if counsel were deficient, Petitioner "did not allege facts to establish a reasonable probability that, had counsel done so, the outcome of the proceedings would have been different." (*Id.*, pp. 4-5.)

However, Respondent argues that, at the next level of review, Petitioner failed to raise an ineffective assistance of counsel claim in his brief supporting his petition for review before the Idaho Supreme Court. (State's Lodging E-23.) Petitioner's pro se brief was presented in an unconventional format. (*Id.*) He first set forth the facts that support

all of his claims. He next cited eight general categories of issues, asserting that he was

denied: "(A) an affirmative defense, (B) a fair trial, (C) due process of law, (D) equal

protection of law, (E) and/or access to exculpatory evidentiary processes that are

necessary for presenting such a defense, (F) which created fundamental and/or

constitutional error, (G) in part due to ineffective assistance of counsel, (H) and/or

deprivation of my right to appear and defend in person or myself!" (*Id.*, p. 11.) The

remainder of the brief was a set of detailed quotations from various cases supporting each

of the eight categories. In the "Prayer for Relief," Petitioner "request[ed] review of the

entire case including all issues." (*Id.*, p. 50.) Petitioner also attached the Idaho Court of

Appeals's opinion to the brief in support of the petition for review. (*Id.*, p. 2.) "[A]fter

due consideration," the Idaho Supreme Court denied the Petition for Review. (State's

Lodging E-24.)

　　　In the brief, Petitioner made a constitutional challenge to the "acquittal first"

statute. (State's Lodging E-23, p. 7.) Petitioner also stated that the jury should have first

considered "justifiable homicide." (*Id.*, pp. 7, 9.) He asserted the inability to present an

affirmative defense to the grand jury issue. (*Id.*, p. 7.) However, these claims are not

asserted as ineffective assistance of counsel claims, but, rather, stand-alone constitutional

claims. Petitioner specifically included federal case law quotations on jury instructions,

which supports a stand-alone constitutional claim, and he included ineffective assistance

of counsel case law, but nowhere does he specifically seek review of ineffective

assistance of counsel claims regarding improper jury instructions. (State's Lodging E-23, pp. 12, 18-20, 46-49.)

Accordingly, this Court concludes that Petitioner's three subclaims–either as stand-alone constitutional claims or ineffective assistance of counsel claims–were not properly exhausted in the post-conviction proceedings.

### 3. Claim Three

Claim Three is that Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when the court prejudiced his defense by admitting the following evidence: (1) crime scene photos of the deceased; (2) a video tape recording taken at the crime scene by investigators showing the residence and the deceased; and (3) a second video tape recording of Detective Curtis Gambrel's interrogation of Petitioner the day he was arrested (and the day of the shooting). (Dkt. 3, p. 26.)

#### A. *Photographs of Victim's Body*

On direct appeal, Petitioner raised the issue that the gruesome photographs of the deceased should not have been admitted because of their prejudicial effect on the jury. Petitioner relied on Idaho Rule of Evidence 403, and he also separately argued that the claim amounted to prosecutorial misconduct, because the photographs were intended to inflame the jury. However, no federal issue was raised as to either argument, and the state case law cited was not centered on federal principles, but general fairness principles. (See State's Lodging C-2, p. 24, citing *State v. Christensen*, 163 P.3d 1175 (Idaho 2007).) Therefore, this claim is procedurally defaulted.

## B.    *First Videotape - Crime Scene*

On direct appeal, Petitioner raised the issue that the "[j]ury's exposure to facts not in evidence deprives a defendant of the rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment" when the prosecutor showed a video tape recording of the crime scene during his opening statement but did not later ask to have the video admitted into evidence. (State's Lodging C-2, p. 9.)

As to the first video, the Idaho Court of Appeals determined that there had been no objection to the prosecutor using the video before it was admitted, and there was no motion to strike the video from the opening statement after the video was not admitted during the course of trial. Therefore, the Court of Appeals stated: "This Court will not address an issue not preserved for appeal by an objection in the trial court." (State's Lodging C-5, p 6.) Petitioner's argument that counsel objected to admission of the evidence and was overruled *before* trial addresses a different issue than the one presented–that, *after* the video was shown, it was never admitted–and therefore the earlier objection to admissibility did not preserve for appeal the due process/confrontation claims regarding nonadmission of the video.

The Idaho Court of Appeals considered the claim under the fundamental error doctrine, and determined that Petitioner's "contention that his rights of confrontation and cross-examination were violated is without merit and does not rise to the level of

fundamental error." (State's Lodging C-5, p. 7.) Petitioner included this argument in the brief in support of the petition for review. (State's Lodging C-7, pp. 9-10.)

Respondent argues that, when an appellate court must rely on fundamental error, that means the claim was not fairly presented, because the appellate court reaches a fundamental error analysis only when a claim was not properly preserved for appeal. Whether the fundamental error doctrine indicates a procedural default or can be deemed a merits analysis is a complex issue. *See Comber v. Schriro*, 463 F.3d 934, 953-54 (9th Cir. 2006) (an Arizona case analogizing to Idaho law); *Coppess v. Ryan*, 2011 WL 1480053 (D. Ariz. 2011) (collecting cases with both points of view); *Ake v. Oklahoma*, 470 U.S. 68 (1985); *State v. Perry*, 245 P.3d 961 (Idaho 2010). Because Respondent has provided no case citations or briefing on the adequacy and independence of the fundamental error issue in noncapital cases in Idaho, the Court will permit Petitioner to rely on the fundamental error merits analysis to proceed to a review of the merits of this claim. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (the State has the ultimate burden of proof that its procedural rule is adequate).

C.    *Second Videotape - Police Interrogation*

The second interrogation video or tape or transcript issue was not raised on direct appeal; thus, the claim is also procedurally defaulted.

### D.    *Post-Conviction Proceedings*

To the extent Petitioner attempted to raise these claims on post-conviction as prosecutorial misconduct claims or claims that his counsel performed ineffectively by failing to raise the prosecutorial misconduct claims, the Court addresses these contentions below, as part of Claim Five (prosecutorial misconduct).

### 4.    Claim Four

Claim Four is that Petitioner's First, Fifth, Sixth, and Fourteenth Amendment rights were violated because he was not appointed experts to review the evidence. (Dkt. 3, pp. 28-35.)

On post-conviction review, the Idaho Court of Appeals refused to determine the merits of this claim because it could have been presented on direct appeal. (State's Lodging E-21, p. 6.) Petitioner *did* assert on post-conviction review a companion claim that his counsel was ineffective for failing to present expert witness testimony regarding "forensic evidence, ballistics, or blood evidence." (*Id*.) The Court of Appeals performed a *Strickland* analysis and determined that Petitioner had failed to show prejudice resulting from the alleged deficiency. (*Id*.)

In his brief in support of his petition for review, Petitioner raised the facts and legal argument supporting his lack of an expert witness due to counsel's error (State's Lodging E-23, pp. 5-8), and cited federal case law in support of his ineffective assistance of counsel claim regarding failure to use an expert witness. (*Id*., pp. 46.) Liberally

construing the brief in support of the petition for review, this Court concludes that Petitioner sufficiently presented the claim that his counsel was ineffective for failing to obtain an expert witness to review the forensic and ballistic evidence.

5.      **Claim Five**

Claim Five is that Petitioner's First, Fifth, Sixth, and Fourteenth Amendment rights were violated as a result of prosecutorial misconduct from (1) the prosecutor's opening argument; (2) allowing witnesses to give false testimony; (3) changing the testimony of expert witnesses; (4) allegedly withholding exculpatory evidence; (5) "manipulating" Petitioner's counsel; (6) the prosecutor's closing argument; and (7) the way in which the State answered the post-conviction petition. (Dkt. 3, p. 38.)

A.      ***Presentation in Post-Conviction Proceedings***

The Idaho Court of Appeals concluded that the prosecutorial misconduct claims were either considered and rejected on direct appeal or should have been raised on direct appeal; it therefore refused to consider the merits of either category of prosecutorial misconduct claims. (State's Lodging E-21, p. 5.) These claims are therefore procedurally defaulted.

However, the Court of Appeals addressed the merits of Petitioner's post-conviction claims that trial counsel was ineffective for failing to object to the prosecutorial misconduct instances and that direct appeal counsel was ineffective for failing to raise the issues on appeal. The Idaho Court of Appeals concluded that Petitioner

failed to show prejudice arising from the allegedly deficient performance of trial or appellate counsel. (State's Lodging E-21, p. 5.)

However, Petitioner did not raise ineffective assistance of counsel regarding the prosecutorial misconduct claims in his briefing before the Idaho Supreme Court. (State's Lodging E-23.) Therefore, Petitioner's claims–both as prosecutorial misconduct claims and as ineffective assistance of counsel claims for failure to raise the prosecutorial misconduct–are procedurally defaulted.

### B.  *Subclaim Five(7)*

Subclaim Five(7) is Petitioner's contention that the State answered the post-conviction petition in an unlawful manner. (Dkt. 3, p. 38.) This is not a cognizable federal habeas corpus claim, because habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). Therefore, this subclaim is dismissed.

## 6.  Claim Six

 Petitioner alleges that his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because he "was denied adequate/effective assistance of pre-trial counsel, trial counsel, and appellate counsel." (Dkt. 3, pp. 39-40.)

### A.  *Post-Conviction Briefing Before Idaho Court of Appeals*

Petitioner raised thirty instances of ineffective assistance of counsel claims in his post-conviction appeal. The Idaho Court of Appeals addressed the claims by explaining:

"All of these allegations were conclusory and unsupported by admissible evidence," and concluded that Petitioner had failed to show prejudice. (State's Lodging E-21, pp. 6-7.) These claims appear to have been rejected on the merits.

In his brief in support of his petition for review, Petitioner stated:

> My claims of ineffective assistance of pretrial counsel, trial counsel, post-trial counsel, appellate counsel . . . are well stated in my Briefs and Petitions. And obvious when viewed in the light of the facts above and contained in the record.

(State's Lodging E-23, p. 9.)

This is not an appropriate presentation of the legal basis of his claims, because he simply referred to other documents. In addition, no supporting facts were particularly referable to these claims because of the failure to specify the thirty instances of ineffective assistance of counsel in the brief in support of the petition for review. In addition, the factual bases for these claims were not addressed specifically by the Idaho Court of Appeals's opinion attached to Petitioner's brief in support of the petition for review. The Idaho Supreme Court is not required to refer to other documents or to guess as to the exact nature of thirty claims. Therefore, these claims are procedurally defaulted.

**7.    Conclusion**

Two of Petitioner's subclaims will be dismissed as noncognizable. Petitioner may proceed to the merits of the properly exhausted claims. However, as an interim step, the Court will determine whether Petitioner can show cause and prejudice for the default of any of his claims. A summary of each category of claims follows.

**Noncognizable Claims:**

(1)     Claims One(1), that the Idaho Constitution requires the state district court to allow a criminal defendant to appear pro se *and* with counsel.

(2)     Claim Five(7), that the State answered the post-conviction petition in an unlawful manner.

**Procedurally Defaulted Claims:**

(1)     Claim Two, that Petitioner's rights were violated due to "unconstitutional jury instructions," either as a stand-alone constitutional claim or an ineffective assistance of counsel claim.

(2)     Claim Three(1) (admission of photographs prejudiced his defense) and Three(3) (admission of second videotape of police interrogation), under the Fifth, Sixth, and Fourteenth Amendments.

(3)     Claim Four, that Petitioner's First, Fifth, Sixth, and Fourteenth Amendment rights were violated because he was not appointed experts to review the evidence, as a stand-alone constitutional claim.

(4)     Claim Five, Petitioner's claims of prosecutorial misconduct as a stand-alone constitutional claim and as ineffective assistance of counsel claims for failure to raise the prosecutorial misconduct.

(5)     Claim Six, thirty instances of ineffective assistance of pretrial counsel, trial counsel, post-trial counsel, and appellate counsel.

**Properly Exhausted Claims Proceeding to a § 2254(d) Merits Review:**

(1)     Claim One, only as a claim of the violation of the right of access to the court "as guaranteed by the 1st, 5th and 14th Amendments under the Sixth Amendment right to counsel, as well as the Fifth and Fourteenth Amendments (due process clause), and the equal protection clause of the 14th Amendment" based on facts that "the jail deprived Mr. Brink of the legal materials he required to make use of that right or to otherwise participate in his defense." (*See* State's Lodging C-7, p. 14.)

(2)     Claim Three(2), limited to the subclaim that the jury's exposure to facts not in evidence deprived Petitioner of the rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment when the prosecutor showed a video tape recording of the crime scene during his opening statement but did not later ask to have the video admitted into evidence.

(3)     Claim Four that Petitioner's First, Fifth, Sixth, and Fourteenth Amendment rights were violated because he was not appointed experts to review the evidence, as an ineffective assistance of counsel claim only.

As noted above, Petitioner will be given an opportunity to show cause and prejudice for each claim that is procedurally defaulted. For purposes of judicial efficiency, he will be required to use the following format: for each subclaim, he will

specify: (1) a one-sentence statement of the claim; (2) the factual basis for the claim, not to exceed two paragraphs; (3) the legal basis of the claim, not to exceed two paragraphs; (4) the legal basis for assertion of "cause" for the default of his claim, not to exceed two paragraphs; (5) the factual basis for "cause," not to exceed two paragraphs; and (6) a description of the prejudice to Petitioner's defense, not to exceed two paragraphs.

Respondent is permitted to argue that Petitioner has not shown cause and prejudice or, alternatively, that the claims are subject to denial on their merits, which is sometimes a less complex argument than contesting cause and prejudice.

In addition, as noted above, after Petitioner reviews any portion of the state court record provided to him, he may file a brief of not more than 10 pages to address anything further he found in the new state court records (State's Lodgings B-1, C-4, and E-21) to support his argument that his claims are not procedurally defaulted. He shall not repeat arguments he has already made, but shall address only those items, if any, contained in the new records provided to him.

## 8.      Standards for Cause and Prejudice and Miscarriage of Justice

Because Petitioner is proceeding pro se, the Court provides the following standards of law for a showing of cause and prejudice, or, alternatively, a miscarriage of justice.

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing

of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Showing that an actual conflict of interest of counsel caused Petitioner to be denied access to habeas proceedings because counsel interfered with his right to petition the court may serve as cause for a procedural default because it is deemed external to Plaintiff. *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000). For example, in *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir. 1994), the court held that counsel was not acting on behalf of the petitioner where counsel filed a habeas corpus petition for the petitioner without the petitioner's knowledge or authorization.

If a petitioner points to an instance of ineffective assistance of counsel during direct appeal that prevented the petitioner from properly exhausting his claims, he cannot rely on that instance unless he has first exhausted that particular ineffective assistance of

counsel claim. If a petitioner has not exhausted any ineffective assistance of counsel claim, then he cannot rely on such a claim for "cause" in a "cause and prejudice" argument. *See Edwards v. Carpenter*, 529 U.S. 446 (2000) (ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

The case of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), established a limited exception to the *Coleman* rule. *Id*. at 1319. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel, *id*. at 1320, and ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

The *Martinez* exception applies only to the ineffectiveness of post-conviction relief counsel in the initial post-conviction review proceeding. It "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." 132 S.Ct. at 1320.

However, "actual innocence" requires that one make a colorable showing that he is factually, not merely legally, innocent of the charges. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

As for the miscarriage of justice exception, if a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340

(1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion to Dismiss (Dkt. 12) is DENIED in part and CONDITIONALLY GRANTED in part, to the extent that Petitioner may attempt to show a miscarriage of justice or cause and prejudice for the procedural default of any of his claims that were not properly exhausted. However, Petitioner shall be required to use the format specified above to bring any cause and prejudice argument. Petitioner shall also be permitted to file a supplemental memorandum only as to State's Lodgings B-1, C-4, and E-21, if any, to show that these new exhibits demonstrate that his claims are not procedurally defaulted. Petitioner's memoranda regarding procedural default and cause and prejudice shall be filed no later than **60 days** after entry of this Order. Respondent's response shall be due **30 days** thereafter. A reply may be filed **21 days** thereafter, and a sur-reply, if any, shall be filed **14** days thereafter.

2.    Respondent's Motion for Leave to File Excess Pages (Dkt. 13) is GRANTED.

3. Petitioner's Motion for Judicial Notice (Dkt. 19) is GRANTED in part and DENIED in part.

4. Petitioner's Objection to Lodging of the State Record (Dkt. 18) is GRANTED in part and DENIED in part.

5. The Clerk of Court shall provide Petitioner with the following portions of the record: State's Lodgings B-1, C-4, and E-21.

6. If Petitioner wishes to obtain additional records, he shall provide the Court with a list showing all of the portions of the criminal record that he possesses, and a request for those he does not possess.

SO ORDERED.

DATED:  **March 20, 2014**

Honorable Edward J. Lodge
U. S. District Judge